UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Benjamin Joseph Hill, | Civil No. 22-CV-00393 DTS |
| Plaintiff, | |
| vs. | |
| Thomas Keith Rudenick, | |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT**

## INTRODUCTION

After Plaintiff expressly gave his counsel, Paul Applebaum, authority to settle this case, Applebaum and counsel for Defendant Thomas Rudenick, Jason Hiveley, entered into settlement discussions and reached a settlement agreement on February 21, 2025. Applebaum notified the Court the parties had reached an agreement, and the jury trial was cancelled. Less than a week later, Plaintiff apparently suffered from buyer's remorse and informed the Court's chambers he no longer wanted to settle but wanted to proceed to trial. Because Applebaum had clear authority to settle this case and Plaintiff's buyer's remorse is not relevant when enforcing a settlement agreement, Defendant respectfully requests this Court grant his Motion to Enforce the Settlement Agreement.

1

## FACTS

Plaintiff commenced this lawsuit on February 10, 2022. *Doc. 1.* On May 15, 2024, Defendant served Plaintiff's counsel with a Rule 68 Offer of Judgment in the amount of $100,001 plus reasonable attorney's fees which was inclusive of all of Plaintiff's claims against the Defendant. *Declaration of Jason Hiveley*, ¶ 2.[1] Defense counsel received no response from Plaintiff's counsel to this Offer and thus it was deemed an unaccepted offer and was withdrawn on May 28, 2024. *Id.*

On January 3, 2025, Applebaum contacted Hiveley, and asked if the May 15, 2024 Rule 68 Offer of Judgment could be re-offered to Plaintiff. *Id.*, ¶ 3. Hiveley indicated to Applebaum that if his client was willing to accept the offer, he would reach out to his clients to obtain authority to re-offer the Rule 68 Offer of Judgment. *Id.* On January 27, 2025, Applebaum indicated he was meeting with his client soon to discuss settlement. *Id.*, ¶ 4. Hiveley reminded Applebaum Defendant was proceeding as if this case was going to trial scheduled to commence on Monday, March 17, 2025, at 9:00 a.m. *Doc. 106.*

---

[1] Federal Rule of Evidence 408 provides that evidence of settlement discussions is not admissible "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." However, the Rule also contains an exception clause, stating that "[t]he court may admit this evidence for another purpose." Fed. R. Evid. 408(b). Here, "in the context of a motion to enforce settlement, the validity of [Plaintiff's] underlying claims is not at issue; rather the issue is whether the parties reached a settlement agreement and Rule 408 simply does not apply." *Derby v. Wiskus*, 4:19-cv-2271-SRC, 2023 WL 2571523, at *5 (E.D. Mo. March 20, 2023).

Pursuant to the Court's Trial Order, the parties were to exchange and file all "documents to be submitted for trial" by February 17, 2025. *Doc. 106.* Defendant timely filed and exchanged his trial documents on February 17, 2025, and Defendant's counsel was fully prepared to begin trial on March 17, 2025. *Docs. 109-125.* On February 18, 2025, Applebaum submitted a letter to Magistrate Judge David T. Schultz requesting the Court's permission to file his trial submissions by Friday, February 21, 2025, because "opposing counsel and I are in negotiations that show promise." *Doc. 126.* Magistrate Judge Schultz issued an Order in response requiring Plaintiff to exchange and file his trial materials by February 21, 2025. *Doc. 127.*

On February 18, 2025, Applebaum emailed Hiveley regarding ongoing settlement discussions and stated, "once Mr. Hill signs the settlement papers – he is ready to sign off today." *Decl. Hiveley, Ex. 1, 2/18/2025 Email.* On February 21, 2025, Applebaum and Hiveley discussed settlement on the phone and agreed that the case is resolved for a total amount of $200,000 including all damages, liens, costs, expenses, and fees. *Decl. Hiveley, ¶ 9.* Following the conversation, Hiveley sent Applebaum an e-mail confirming the details of the settlement. *2/18/2025 Email.* Hiveley also stated, "I understand you will notify the Court we have a resolution in principle pending the signing of the releases and board approval." *Id.* Applebaum subsequently informed the Court "this case has been resolved" and

3

he asked the Court to "strike the upcoming filing deadline and trial date from the Court's calendar." *Decl. Hiveley, ¶ 10.* On February 21, 2025, the Court issued a text-only Order cancelling the trial because the parties had notified the Court the matter had settled. *Doc. 128.*

On February 25, 2025, the Court informed the parties Plaintiff Benjamin Hill came to the courthouse and advised chambers he believed trial was still commencing. *Decl. Hiveley, ¶ 11.* The Court scheduled a status conference on the matter for February 26, 2025. *Doc. 130.* Following the status conference, the Court scheduled another status conference for March 12, 2025. *Doc. 133.*

On March 14, 2025, with permission from the Court, Applebaum filed a Declaration and indicated that his client confirmed via text on February 17 and 21, 2025 and via tape-recorded telephone conversation on February 21 that he wanted to take the renewed Rule 68 Offer and that his acceptance of the offer was "entirely knowing and voluntary." *Doc. 135; Doc. 137; Decl. Hiveley, ¶ 13.* Applebaum also submitted text messages between himself and his client confirming his client had expressly given Applebaum authority to settle this case. *Doc. 138.*

Based on the settlement agreement reached by the parties on February 21, 2025 and discussions at the February 26 and March 12, 2025 status conferences, and subsequent information submitted by Applebaum, Defendant now submits this Motion to Enforce the Settlement Agreement from February 21, 2025.

## ARGUMENT

Generally, a federal court does not have jurisdiction to hear a motion to enforce settlement, which is a state-law contract claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381-82 (1994). However, when a motion to enforce settlement agreement is filed before the case is dismissed, the case is still on the court's docket, and nothing has been done to divest the federal court of jurisdiction. *Sadighi v. Daghighfekr*, 66 F.Supp.2d 752, 758 (D.S.C. 1999). Therefore, this Court has jurisdiction to hear Defendant's Motion to Enforce Settlement because the case has not been dismissed and is still on the Court's docket.

"[V]oluntary settlements of civil controversies are highly favored by courts and a valid agreement once reached, cannot be repudiated by the parties …." *Theatre Time Clock Co. v. Motion Picture Advertising Corp.*, 323 F.Supp. 172, 174 (E.D. La. 1871). There is considerable case law that agreements to settle federal lawsuits need not be in writing to be enforceable. *Green v. John H. Lewis & Co.*, 436 F.2d 389 (3d Cir. 1971) (per curiam). *See Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. 1981); *Strange v. Gulf & South American Steamship Co.*, 495 F.2d 1235 (5th Cir. 1974); *Theater Time Clock Co.*, 323 F.Supp. at 172.

"Once it is shown … that an attorney has entered into an agreement to settle a case, the party who denies that the attorney was authorized to enter into the settlement has the burden to prove that authorization was not given. **This is a**

**heavy burden**." *Greater Kansas City Laborers Pension Fund v. Paramount Inducs., Inc.* 829 F.3d 644, 646 (8th Cir. 1987) (citations omitted and emphasis added). Both Applebaum and Hiveley agree they entered into a valid agreement to settle the case. Plaintiff cannot meet his heavy burden to prove that authorization was not given based on the conversations between himself and Applebaum that have been made available to the Court.

The Eighth Circuit has stated that a settlement agreement is enforceable if the attorney possessed "actual, implied, or apparent" authority to enter into it, *Surety Ins. Co. v. Williams,* 729 F.2d 581, 583 (8th Cir. 1984), and that an attorney must have been given "express" authority to enter into it, *Turner v. Burlington N. R.R. Co.,* 771 F.2d 341, 345 (8th Cir. 1985).

Express authority "can be created by written or spoken words or the conduct of the principal which, reasonably interpreted, causes an agent to believe that the principal desires him [or her] to act in a particular manner on the principal's account." *Turner,* 771 F.2d at 345 (8th Cir. 1985) (quoting *Sys. Inv. Corp. v. Montview Acceptance Corp.,* 355 F.2d 463, 466 (10th Cir. 1966)); *see also Harris v. Arkansas State Highway and Transp. Dept.,* 437 F.3d 749, 751 (8th Cir. 2006) (holding plaintiff's spoken words during a conversation with her attorney, reasonably interpreted, caused her attorney to believe plaintiff desired him to enter into the proposed settlement agreement on her account). Here, Plaintiff expressly gave

6

Applebaum authority to settle this case when he texted that Appelbaum was authorized "to take the 100k settlement no trial." *Doc. 138*. Any arguments Plaintiff makes regarding the "adequacy of [Applebaum's] legal representation, regardless of their merit, are irrelevant" to the determination of whether a party gave his express authority into a settlement agreement. *See Mueller v. Guardian Life Ins. Co.*, 143 F.3d 414, 416 (8th Cir. 1998). Thus, this Court should enforce the settlement agreement because Applebaum had express authority from Plaintiff to enter into the agreement made by the parties on February 21, 2025, and Plaintiff cannot now repudiate it simply because he has buyer's remorse.

## **CONCLUSION**

For the foregoing reasons, Defendant Thomas Rudenick respectfully requests this Court grant his Motion to Enforce Settlement.

Dated: March 18, 2025

s/Jason M. Hiveley
Jason M. Hiveley, #311546
Stephanie A. Angolkar, #388336
Ashley M. Ramstad, #402446
IVERSON REUVERS
9321 Ensign Avenue South
Bloomington, MN  55438
(952) 548-7200
jasonh@iversonlaw.com
stephanie@iversonlaw.com
ashley@iversonlaw.com
*Attorneys for Defendant*